### Philo B. Tyler v. Paul Marcelin and Isaac Depas.

In a suit on a promissory note, the general issue is an admission of the signature.

When an act *sans seing privé* is permitted to be read in evidence, without objection, proof of its execution is waived.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Livingston*, for plaintiff. *Cohen*, for defendant and appellant.

Voorhies, J. This suit was brought on a promissory note executed by *Massey, Marcelin & Co.*, and given in payment of a steam engine and boilers purchased of the plaintiff, who also claimed the vendor's privilege.

There was judgment in favor of the plaintiff, and the defendants appealed.

The appellants assign as errors in the judgment: 1st. That there was no sufficient evidence of the signatures to the note sued on : 2d. That there was no proof that they had assumed the payment of the liabilities of *Massey, Marcelin & Co. ;* and 3d. That there was no privilege as against them.

1st. As the general issue is the only plea set up in the appellants' answer, it follows that the signatures to the note sued upon, must be considered as admitted. Nothing in the record shows that any objection was made to its introduction as evidence on that ground. When an act *sous seing privé*, is permitted to be read in evidence without objection, we consider proof of its execution as waived.

2d. The evidence satisfactorily shows that after the delivery of the note sued on, *Massey* conveyed all his interest in the partnership to his co-partners, the appellants, who thereby expressly assumed the payment of all its liabilities.

3d. The appellants having thus assumed the liabilities of the firm of *Massey, Marcelin & Co.*, vendees of the steam engine and boilers, it is clear that the plaintiff, as vendor, is entitled to the privilege claimed by him under article 3194 of the Code.

We are not prepared to treat the appeal as frivolous, and to allow the damages prayed for by the appellee.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both Courts.