Union National Bank of New Orleans vs. Succession of Lee.

---

## No. 6598.

UNION NATIONAL BANK OF NEW ORLEANS VS. SUCCESSION OF THOMAS B. LEE.

An endorser who does not specially deny his signature on a note, will be considered as having admitted it, under the rule of Article 2244, C. C.; and the Plaintiff is dispensed with the necessity of proving it on the trial of the case.

The endorser, who waives protest and notice before maturity, binds himself absolutely by a new contract, and payment of interest by him will interrupt prescription, as to him, even if the drawer's obligation were extinguished by prescription.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.*

---

B. F. Jonas for Plaintiff and Appellee:

"Defendant who pleads the general issue without confessing or denying his signature, is considered as having confessed it." 8 N. S. 300; 1 La. 488; 2 La. 420; 5 La. 33; 14 La. 361; 19 La. 86-88; 8 La. 312.

Where the endorser of a check writes over his name, "I waive demand of payment of this note on the maker on the day of maturity, and I waive protest thereof, and notice of demand and protest, and hold myself liable as endorser in the same manner as if demand, protest and notice will have been made the day of maturity," such an endorser is not entitled to require any demand of the maker of the note, or notice to himself of non-payment, as conditions precedent to his liability. Such a waiver has the effect to dispense with the necessity for those formalities. Story on Promissory Notes, § 273; Daniel on Negotiable Instruments, vol. 2, § 1090.

Where the date of the maturity of a promissory note for $10,000 is January 1, 1870, and it appears that fourteen months thereafter, March 1, 1871, interest on the note to January 1-4, 1872, was paid by the endorser, and it appeared further that suit on the note against his executrix was filed April 13, 1875, and personal service obtained April 14, 1875, the plea of prescription of five years by the executrix in bar of the suit, is not maintainable.

, *Jas. H. Grover* for Defendant and Appellant:

·Where suit is brought by the third holder of a promissory note, against the endorser, the signature of the endorser must be proved. 24 An. p. 118.

·The discharge of the drawer has discharged the endorser.

·The endorser paid interest in ignorance of the maker's discharge by prescription, and through the laches and neglect of the holder in not causing an interruption of prescription.

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiff sues on five promissory notes of ten thousand ·dollars each, drawn on July 3d, 1866, by R. C. Cummings to the order of Thomas B. Lee, and,endorsed by him, maturing respectively on the first of January, 1869, 1870, 1871, 1872 and 1873.

Citation was served on the executrix on the 14th of April, 1875.

The defense is a·general denial and the plea of prescription of five years.

The District Judge gave judgment of nonsuit on the note maturing January, 1869, on the ground of want of protest and notice of protest, and gave judgment in favor of plaintiff on the four other notes.   Defendant appeals.   On appeal the executrix urges that the judgment was rendered on insufficient evidence, for the reason that plaintiff offered no evidence of the signature of Thomas B. Lee, the endorser, and her ·counsel quotes several authorities in support of this position.

But the decisions on which he relies were rendered in cases where judgment was by default, in which plaintiff is absolutely required to prove his demand.   C. P. 312.   The effect of those decisions does not controvert the rule laid down in Art. 2244 C. C., providing that the per-·son against whom an act under private signature is produced, is obliged formally to avow or disavow his signature.   In this case, defendant having filed a general denial and the special plea of prescription, she should have specially denied the signature of Lee, the endorser, in the absence of which her silence must be construed as admitting said signature.   Such is the interpretation given to this article by the Supreme Court in the case of Maxwell vs. Kennedy, 10 An. 798, and we shall adhere to this ruling.

The notes maturing in 1871, 1872, 1873, were not prescribed on their faces when this suit was filed, and cannot be affected by the plea of prescription, which plea, as to these notes, is formally abandoned in this Court by defendant, thus limiting the issue to the note maturing January, 1870.

That note is in the following words, and contains the following en-·dorsements:

  " $10,000.                        BOSSIER PARISH, July 3d, 1866.

On the 1st January, 1870, I promise to pay to the order of T. B.

Lee, ten thousand dollars, value received, with 8 per cent interest after maturity.        R. C. CUMMINGS.

U. S. Int. Rev. stamp, $5. }        { *Ne varietur.* July 3, 1866.
(Canceled.) }        { M. P. Long, Notary Public.

(On face of Note.)

Interest on this note paid by the endorser, Thos. B. Lee, to 1–4 Jan'y, 1872.        New Orleans, March 1; 1871.

Thos. B. Lee.        Jno. A. True & Co.

(Over)    Endorsed—Thomas B. Lee.

Cummings, Brown & Co.

NEW ORLEANS, December 21, 1869.

I waive demand of payment of this note on the maker, R. C. Cummings, on the day of maturity, and I waive protest thereof and notice of demand and protest, and hold myself liable as endorser in the same manner as if demand, protest and notice will have been made on the 4th January, 1870, the day of its maturity.        THOS. B. LEE."

Defendant contends that the note being prescribed on its face, and no interruption of prescription having been proven against the drawer, he is discharged, in consequence of which the endorser should likewise be discharged, notwithstanding his acknowledgment of indebtedness by the payment of interests on the 1st of March, 1871, as shown by a written statement on the face of the note.

We hold that by his waiver of demand and of notice of demand before the maturity of the note, he bound himself as firmly as the law would have bound him by formal protest and notice of protest at the maturity of the note. Story on Promissory Notes, p. 341, §§ 271 and 273; Daniel on Negotiable Instruments, vol. 2, § 1090.

The payment of interests which he made on the 1st of March, 1871, interrupted prescription which, after such payment, would have accrued only in March, 1876. The endorser having by his waiver of protest bound himself absolutely for the payment of the note, is held under a new contract, and his obligation cannot be affected by the alleged discharge of the maker.

Defendant urges that the endorser paid interest in ignorance of the maker's discharge by prescription. But the fact that such payment was made on the first of March, 1871, only fourteen months after maturity of the note, utterly destroys this pretension. We conclude that the plea of prescription is clearly and absolutely untenable, and that the endorser is legally bound on this as well as on the three other notes.

We, therefore, see no error in the judgment of the lower court, which is affirmed with costs.