CASES DETERMINED IN THE

# COURT OF APPEALS

OF THE

## STATE OF NEW YORK,

NOT REPORTED IN FULL IN THE REGULAR SERIES OF REPORTS, FROM
JANUARY 1889, WITH ANNOTATIONS.

---

NATHANIEL HOOPER *et al.*, Respondents, *v.* CHARLES MC-
CULLOCK BEECHER *et al.*, Appellants.

*Court of Appeals, March 6, 1888.*

See 7 N. Y. St. Rep. 405.

1. *Appeal. Reargument.*—An order of the general term denying a re-
argument is not reviewable in the court of appeals.
2. *Same. Arguments.*—The number of arguments which an appeal is
entitled to and may have, is in the discretion of the court where
the appeal is pending.
3. *Same. Who may appeal.*—A party in whose favor a judgment is
entered or an order made, cannot be aggrieved by it, and he is,
therefore, in no position to claim the right of appeal.
4. *Same. Dismissal of appeal.*—Questions presented on appeal to the
court of appeals, whose solution depends upon the consideration
of the pleadings and the proof, should be discussed upon the argu-
ment of the appeal when reached in its regular order upon the
calendar, and will not be disposed of upon a motion to dismiss
the appeal for alleged frivolousness.

Motion by plaintiffs to dismiss appeals taken by the de-
fendants from the judgment in this action, entered upon an

order of the general term of the supreme court in the first judicial department, and from two orders of said general term, made May, 13, 1887, one of which denied a motion for reargument of the appeal, and the other of which modified a previous order of the general term granting costs against the defendants and making the costs payable out of a fund in the hands of an assignee, one of the defendants.

*Franklin Bien*, for respondent.

GRAY, J.—The order of the general term denying reargument is not reviewable here. The number of arguments which an appeal is entitled to and may have, is in the discretion of the court where the appeal is pending. Fleischmann *v.* Stern, 90 N. Y. 110.

The order of the general term modifying its previous order and making the payment of costs a lien upon the funds in the hands of one of the defendants as assignee, was granted upon the appellants' own motion. Thereby they obtained the precise relief they had made application for. A party in whose favor a judgment is entered or an order made, cannot be aggrieved by it and he is therefore in no position to claim the right of appeal.

As to the motion to dismiss the appeal from the judgment as frivolous, it should be denied. The action was instituted by the plaintiffs as judgment creditors to set aside an assignment made by the defendants, comprising the firm of Charles McCulloch, Beecher & Co., for the benefit of their creditors, to defendant Bartlett as assignee. The court at special term held the assignment to be invalid inasmuch as the instrument was signed by the firm name and it did not appear that the act of the partner who executed it under the firm name, was authorized by, assented to, or acquiesced in by the other parties. The judgment of the special term was finally affirmed by the general term for reasons stated in their opinion. From that judgment an appeal was taken to this court and is now pending.

The judgment in question is final, and therefore appealable. The legal questions involved are the validity or invalidity of an assignment for the benefit of creditors made and executed as above mentioned, and these questions are made to depend upon the consideration of the pleadings and the proofs. Those questions should be discussed upon the argument of the appeal when reached in its regular order upon the calendar. To dispose of such questions on a motion to dismiss for alleged frivolousness is to dispense with the rules prescribed for the orderly disposition of appealed causes.

We cannot countenance such a course, and thereby open up a short cut for the resort of litigants anxious to gain an earlier hearing from us than they are entitled to have by the rules.

The motion to dismiss the applicants' appeals from the orders of the general term is granted, and the motion to dismiss the appellants' appeal from the judgment herein is denied ; but under the circumstances no costs are awarded to either party.

All concur