Parish of St. Bernard among whom plaintiffs are included.

For the reasons assigned, the judgment appealed from is affirmed.

**14 So.2d 606**

**HAAS et al. v. JOHNSON et al.**

No. 36683.

May 17, 1943.

Rehearing Denied June 21, 1943.

Coco & Coco, of Marksville, and Emmet Alpha, of New Orleans, for appellants.

O'Niell & O'Niell, of New Orleans, and Haas & Haas, of Opelousas, for appellees.

ROGERS, Justice.

This is a proceeding via ordinaria on seven promissory notes executed by the three defendants and secured by mortgage and vendor's privilege. Plaintiffs prayed for judgment for $12,737.50, the principal of the notes, with interest, attorney's fees and costs, subject to certain credits, and for recognition of the special mortgage and vendor's privilege upon the property described in the petition. The defendants filed a plea of five years' prescription liberandi causa, which was referred to the merits. Thereafter defendants filed their answer in which they reurged the plea of prescription. Plaintiffs then proceeded under the Pleading and Practice Act, No. 157 of 1912, as amended, to rule defendants into court to show cause why judgment should not be rendered in their favor on the face of the pleadings, subject to an additional credit of $220 which, through oversight, their petition failed to disclose.

After hearing the parties, the judge of the district court made the rule absolute and, accordingly, rendered judgment in plaintiffs' favor as prayed for in accordance with the prayer of their petition. Defendants applied for and obtained a devolutive appeal from the judgment.

The judge of the district court found that all the material allegations of plaintiffs' petition were admitted in defendants' answer and that therefore plaintiffs were entitled to judgment on the allegations of the petition and answer under the Pleading and Practice Act. We concur in the finding.

Plaintiffs' cause of action is embraced in twelve articles, separately numbered, and certain documents annexed to their petition. Defendants' answer contains a reply to each article and an additional paragraph in which defendants set up a plea of five years' prescription. In Article 2 of their petition, plaintiffs set forth defendants' indebtedness in the sum of $12,-737.50, with interest, attorney's fees and costs, subject to certain credits. In Article 3, plaintiffs show the execution by defendants of eight promissory notes, of $1,-875 each, on December 22, 1917. In Article 4, plaintiffs allege that the first-maturing note was paid, but that the seven last-maturing notes were unpaid, except for the credits set forth in Article 2. The notes are annexed to and made part of the petition. In answer to these three articles, defendants admit the execution of the notes, and although in general terms they deny the indebtedness, they do not specifically deny that the outstanding notes attached to the petition are unpaid, nor do they deny the credits or payments thereon.

Article 5 of plaintiffs' petition reads as follows: "Said indebtedness represented by said notes has been acknowledged from time to time by said payments above set out and in writing by said William Johnson, Clarence E. Johnson and Joseph E. Johnson, as will more fully appear by reference to the originals of said notes and by reference to both sides of the sheet of paper annexed hereto, made a part hereof and marked Exhibit 'H', said written acknowledgments having been signed by said

William Johnson, Clarence E. Johnson and Joseph E. Johnson."

In this article, plaintiffs specifically allege as facts that the defendants have from time to time acknowledged the indebtedness, both by payments and in writing, and the written acknowledgments are annexed to and made part of the petition. An examination of the documents annexed to the petition shows that on September 27, 1933, the defendants acknowledged in writing the correctness of the statement showing the balance due on the notes, which they renewed their promise to pay. Thereafter several credits are shown. And on September 27, 1936, less than five years prior to the date of the filing of this suit, defendants again signed an acknowledgment that they had paid $500 on account of their "mortgage notes dated 12/22/17, * * * which notes are due and unpaid and are hereby renewed."

In their answer to Article 5 of plaintiffs' petition, defendants do not deny the payments set forth therein, nor do they deny their signatures, nor allege fraud and error. They answered as follows: "Your respondents reiterate denial of their obligation to pay any notes herein sued on and especially deny any acknowledgments to pay any of said notes, as alleged in Paragraph V, for the reason that your respondents are not now indebted to petitioners as alleged, nor are they indebted under the notes sued on herein."

Defendants' denial of any indebtedness to plaintiffs is a mere conclusion of law and adds nothing to the pleadings. Defendants do not allege any fact, either

in Article 5 of their answer, or in any other article therein, in support of their allegation that they are "not now indebted to petitioners, as alleged, nor are they indebted to petitioners under the notes sued on herein." It is not a denial of a fact to deny the legal consequences thereof. Defendants do not deny plaintiffs' allegations as to the various credits or payments on the notes, but they only deny generally any indebtedness on the notes or any acknowledgment to pay the notes.

■ In Article 5 of their petition, plaintiffs specifically allege that defendants signed the acknowledgments set out in Exhibit "H", which is attached to and made part of the petition. No specific denial of this allegation of fact will be found in defendants' answer. Since the written acknowledgments of defendants are annexed to plaintiffs' petition and declared on as a part thereof, defendants should have specifically denied their signatures to the acknowledgments, and their failure to do so must be considered as an admission on their part that they signed the acknowledgments as alleged in the petition. Code of Practice, Art. 324; Civil Code, Art. 2244; Tyler v. Marcelin and DePas, 8 La.Ann. 312; Lesseps v. Wicks, 12 La.Ann. 739; Union National Bank v. Succession of Lee, 33 La.Ann. 301; Maddox v. Robbert, 165 La. 694, 115 So. 905; Cabral v. Victor & Provost, 181 La. 139, 158 So. 821.

Defendants contend that the rule for judgment was not based merely upon the petition and answer, as provided in the Pleading and Practice Act, but also upon the allegations of the rule itself allowing

defendants an additional credit of $220, paid on August 13, 1938. Defendants further contend that up to the time that the rule for judgment was filed, plaintiffs' cause of action was prescribed on the face of the petition, because the last alleged payment on the notes, as set forth in Article 2, was made on March 23, 1935; "consequently if suit was not filed until October 7, 1940, the additional credit so gratuitously given to the defendants by the Court, in the rule for judgment, sought to lift the cause of action out of the accrued prescription of five years, which had then already run."

■ If such a situation were presented by the pleadings, defendants' contention would undoubtedly be correct. But such is not the situation. While the last credit mentioned in Article 2 of the petition covers the payment of $500 made on March 23, 1935, Exhibit H, which is referred to in Article 5 as containing defendants' written acknowledgments of the indebtedness and which is attached to and made part of the petition, shows that another payment of $500 was made on September 27, 1936, and that at that time defendants, in writing, acknowledged their indebtedness and renewed their notes. This transaction took place less than five years prior to the date on which the suit was filed, hence defendants' plea of five years' prescription liberandi causa is not well founded and can not be sustained.

Obviously, the only purpose of plaintiffs in suggesting in the rule for judgment that the defendants were entitled to an additional credit of $220 was to have that

particular credit taken into consideration by the judge of the district court in rendering his judgment. Defendants do not deny that the payment of $220 was made and that they were properly given credit therefor. Hence, defendants have no complaint.

Defendants argue that Article 2 of the petition is not drawn in accordance with the Pleading and Practice Act because it contains "fourteen allegations setting up payments of different sums on different dates in different years." Defendants' argument is that these allegations showing payments on account of notes constitute fourteen separate substantial allegations which should be set forth in fourteen separate articles in the petition. Defendants' argument raises a question that is not properly before the court, because defendants did not except to plaintiffs' petition on the ground that it did not comply with the Pleading and Practice Act. However, we think that the manner in which the credits have been set forth in Article 2 is a sufficient compliance with the provisions of the Act.

The remaining articles of plaintiffs' petition set out plaintiffs' acquisition of the notes sued on as heirs of Samuel Haas, the original payee, and the fact that the notes were secured by vendor's lien and privilege on the property described in a notarial act of sale and mortgage and the several re-inscriptions of the act in the mortgage records of Evangeline Parish.

Defendants admit the execution of the mortgage, but they deny any obligation thereunder or that they are in any manner indebted to petitioners under the mortgage or the notes which it secures. Defendants' denial of any obligation or indebtedness under the notes and mortgage is a mere conclusion of law. Defendants do not set forth any facts to show that they have been released from their obligation and indebtedness.

Plaintiffs' status as heirs of Samuel Haas was not specifically denied by defendants. Therefore, defendants must be considered as having admitted plaintiffs' heirship, and, consequently, their ownership of the notes sued on. Defendants' position with reference to plaintiffs' allegations of heirship is that it was not necessary for them to admit or to deny the allegations, since the inheritance of the right, title and interest in the notes is a conclusion of law. Plaintiffs' inheritance of such a right or interest is not a conclusion of law but is a matter of fact to be proved in the manner and form prescribed by law. The fact of plaintiffs' inheritance of the notes sued on is as much a matter of proof as any other allegation of fact contained in plaintiffs' petition. The facts being established, the legal consequences thereof follow. Since the defendants in their answer did not specifically deny the fact of plaintiffs' inheritance, under the provisions of the Pleading and Practice Act, that fact must be considered as admitted.

The answer filed by the defendants is not suggestive of a serious defense to plaintiffs' action, and the failure of defendants to deny the allegations of fact

contained in plaintiffs' petition must be construed as an admission of their correctness. The judge of the district court was warranted, under the Pleading and Practice Act, to render a judgment on the pleadings in favor of the plaintiffs.

For the reasons assigned, the judgment appealed from is affirmed.

ODOM, J., absent.

O'NIELL, C. J., recused.