HARDY, Judge.
This suit was instituted by plaintiff as assignee of an alleged balance due and owing by defendant on an account. No answer having been made, nor any pleadings filed by defendant, plaintiff attempted to confirm a default but judgment was refused by the district judge on the grounds that plaintiff’s petition did not state a cause of action and that the proof tendered in support of plaintiff’s claim was insufficient. From the judgment dismissing its demands as of nonsuit, plaintiff has brought this appeal.
Reference to plaintiff’s petition discloses the allegations that the named defendant is legally indebted to petitioner in the principal sum of $302.65 with interest at the legal rate from date of February 1, 1957, until paid, which sum represents the balance due on account to Mercurygas, Inc., and which claim and account was regularly assigned to plaintiff by the said named creditor.
On the attempted confirmation counsel for plaintiff filed in evidence the citation showing domiciliary service of the petition on defendant’s wife, the statement of account against defendant showing the total balance due in the sum of $302.65 and the notarized assignment to plaintiff by the creditor, Mercurygas, Inc., which instrument attested the correctness of the account against the defendant. Reference to the written opinion of the district judge discloses his conclusion that:
“It is my opinion that the petition in its present condition does not state a cause of action because plaintiff’s claim is not articulated; since there is no evidence in the case besides the documents attached to the petition, I do not believe the record will support a judgment.
“Article 360 Code of Practice uses the phrase, ‘defendant is presumed by his silence to have confessed the justice of his adversary’s demands.’ But the other articles of the Code of Practice must be taken into account in an application for judgment of confirmation of default.
“Article 312 of the Code of Practice is most specific in requiring that a demand be proved by the plaintiff. Further provision is made for suit on an open account. When the demand is for a sum on open account, then an affida *799 vit of the correctness thereof, before a competent officer, shall be prima facie proof.
“There is a vast difference between an affidavit of correctness of the balance of an open account and the correctness of the account itself.
“There would be no way to prevent this plaintiff from coming into court again and filing another suit on items which may be covered by the affidavits attached to this record. If the affidavit and the petition itself—if the record as a whole—reflected the nature of the transaction between these two parties, and those transactions were sworn to as being true and correct, then I think the requirements of the law would have been met. In the recent Court of Ap- , peal case, Merchants Adjustment Bureau [Inc.], v. Malta [102 So.2d 781], the question is not raised about whether the petition stated a cause of action.”
We do not think there is merit in the conclusion of the district judge that the petition failed to state a cause of action because it was not articulated. Pretermit-ting a consideration of the question as to whether an exception of no cause of action, even if interposed by the defendant rather than by action of the trial judge ex proprio motu, would be the proper procedural method of asserting the highly technical objection as to the form of plaintiff’s petition, we do not think this defect, even if such be conceded, has any material bearing upon the validity of plaintiff’s claim. Certainly this technical defect as to form has not in anywise prejudiced defendant’s rights. The provision of the Pleading and Practice Statute, LSA-R.S. 13:3601(1), requires the articulation of plaintiff’s cause of action to the extent of stating each of the material facts, upon which he bases his claim for relief, in a separately numbered paragraph. It is obvious that this provision is designed to establish an appropriate form of pleading for the benefit and convenience of the parties to the litigation. We find nothing objectionable nor confusing in plaintiff’s petition, consisting of two articles, the first of which alleged the amount of the indebtedness and the second the nature of the indebtedness. This question was touched upon in the opinion of the Supreme Court in Haas v. Johnson, 203 La. 697, 14 So.2d 606, 609, in which counsel for defendants argued that one of the articles of plaintiff’s petition was not drawn in accordance with the Pleading and Practice Act because it contained fourteen separate allegations. The opinion disposed of this objection in the following words :
“Defendants’ argument raises a question that is not properly before this court, because defendants did not except to plaintiffs’ petition on the ground that it did not comply with the Pleading and Practice Act. However, we think that the manner in which the credits have been set forth in Article 2 is a sufficient compliance with the provisions of the Act.” (Emphasis supplied.)
In the instant case the objection as to the form of plaintiff’s petition being highly technical, as we have above observed, could have properly been raised only by an exception aimed at such a defect. In our opinion the objection has no material, relevant nor substantial bearing upon the rights of the parties, particularly in view of the fact that the defendant in this case has not seen fit to contest the judicial assertion of plaintiff’s claim.
Nor are we impressed with the distinction attempted by the learned trial judge between proof of correctness of a balance on an open account and proof of the correctness of the account itself. If the balance of an account is established it is clear that any error in itemization would be immaterial. This point was recently considered by this court in Merchants Adjustment Bureau, Inc., v. Malta, La.App., 102 So.2d 781, 782. In referring to the provisions of Article 312 of the Code of Practice we declared:
*800 “There is no requirement in this article that the account be itemized.” (Emphasis supplied.)
The opinion of this court in the cited case referred to the holding in F. Strauss & Sons, Inc., v. Economy Cash Grocery, 18 La.App. 454, 138 So. 191, 192, from which we again quote the following pertinent pronouncement :
“Counsel for defendant argues that sufficient evidence has not been produced on which to base a judgment and that, therefore, it should be reversed and the case either dismissed or remanded. Fault is found with the account attached to the petition on the ground that it is not sufficiently itemized. If defendant was not satisfied with the account as rendered, it zms in its power to ask for an itemized statement in accordance with its wishes before default was entered and confirmed. Otherwise the account as rendered appears sufficient to us as it did to the judge of the lower court. In permitting judgment by default to ■be taken against it, the defendant is presumed by its silence to have confessed the justice of the plaintiff’s demand. C.P. art. 360. The account as rendered and produced on the trial of the case, in the absence of any objection, fully apprised the defendant md the court of what plaintiff was demanding.” (Emphasis supplied.)
The possibility, as expressed by our learned brother of the district court, that this same plaintiff might again file suit against defendant on items which may be covered by the balance sued for in the present case, presents such a highly unlikely contingency that we cannot regard it as possessing any real substance. And, in any event, the defense to such a proceeding would be readily available to the defendant. Courts cannot prevent the filing of suits, no matter how desirable and appealing such authority might be.
For the reasons assigned we are convinced that the judgment appealed from is manifestly erroneous. Inasmuch as the record contains adequate proof to support the pronouncement of judgment, we perceive no reason why the same should not be effected.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be and it is now hereby set aside and annulled, and there is now judgment in favor of plaintiff, Merchants Adjustment Bureau, Inc., and against the defendant, E. R. Chriss, in the full sum of $302.65, with interest thereon at the rate of 5% per annum from the date of judicial demand until paid, together with all costs of both courts.