BAILES, Judge.
The appellants, David Gertler and Ellis C. Irwin, appeal from the judgment of the district court which recognized Percy J. McCarron as the owner of Section 20, Township 14 South, Range 16 East, being the property more particularly described in said judgment as Tract No. 134-B and Tract 134-C.
The judgment complained of by appellants resulted from a suit filed by plaintiff, Board of Commissioners of the Port of New Orleans, as the assuring agency, for the acquisition by expropriation of the necessary easements for the channel and spoil disposal area for the construction of the Mississippi River Gulf Outlet.
Appellants are the only parties to this suit who have appealed the judgment of the trial court.
The plaintiff has impleaded as defendants, including appellants, all persons who have an apparent claim to the subject property as disclosed by its title research. It alleges that the conveyance records of St. Bernard Parish, Louisiana, contains the following acts reflecting claims or possible claims of ownership interest in the subject property.
“1. Act of Sale by Richard E. Bynum, Sr. to Mrs. Frances J. Nunez, dated September 10, 1951, registered in C.O.B. 55, Folio 294.
“2. Act of Sale by St. Bernard Syndicate to Percy J. McCarron, dated May 17, 1928, registered in C.O.B. 36, Folio 350.
“3. Act of Sale by Percy J. McCarron to Louis Lupin, dated July 29, 1928, registered in C.O.B. 36, Folio 157.
“4. Partnership Agreement between Percy J. McCarron and Arnold J. Lupin, *751 dated September 10, 1937, registered in C.O.B. 42, Folio 411.
“5. Transfer of an undivided one-half interest by Percy J. McCarron to Frank J. McGrath, dated October 10, 1940, registered in C.O.B. 46, Folio 63.
“6. Recovery Contract between Percy J. McCarron and Irwin & Gertler, a law partnership composed of Ellis C. Irwin and David Gertler, dated April 20, 1939, registered in C.O.B. 44, Folio 375.”
The subject property is briefly described as:
“A certain tract of land lying and being in the Parish of St. Bernard, La. and in Section 20, Township 14 South, Range 16 East.”
Plaintiff alleged it had acquired from Mrs. Frances J. Nunez (Fraley) the necessary easement, thus she is not a party to this action. However, it alleges that it cannot with safety determine the legality or propriety of the respective interests of the other parties listed above as having a record interest in the subject property, and accordingly it has cited the following named parties as defendants herein:
Percy J. McCarron, a non-resident for whom a curator ad hoc was appointed;
Irwin & Gertler, a law partnership composed of Ellis C. Irwin and David Ger-tler ;
Arnold Louis Lupin; and
Frank J. McGrath.
The addresses of the last two named persons were unknown and a curator ad hoc was appointed to represent them.
The right of the plaintiff to expropriate the property, or the value of the servitudes or easements, as fixed by the trial court are not in dispute.
The issue raised by this appeal is the sufficiency of the proof and the propriety of the trial court in ruling that Percy J. McCarron was the rightful owner of the subject property.
During the trial of this action, the trial judge stated:
“ * * * But I discussed this morning with Mr. Lanier the procedure involved in giving a judgment in this matter, and should the court grant a judgment of expropriation to the Board of Commissioners of the Port of New Orleans and determine how much money they should pay to the owners of the land, after discussing it with Mr. Lanier, the Court is thinking that it will just decide that and not decide title in that particular judgment and require then the parties who claim the title to come in on a rule to obtain the funds. * *
The judgment recognized Percy J. Mc-Carron as owner without any contradictory hearing of the adverse claims as between the defendants-claimants.
Subsequently the attorney for the plaintiff offered in evidence deeds to support the allegation that the defendants named herein possessed a claim to the ownership of the subject property in confirmation of a preliminary default purportedly entered against the appellants.
Our careful and painstaking search of the record fails to disclose, according to the minutes of the court proceedings incorporated therein, that a preliminary default was entered by the court against appellants; and further there is no reference in the judgment of the court to the confirmation of any such default.
The appellants made no appearance whatever in this suit in the trial court, and insofar as we can glean from the record before us, the issue was not joined as to appellants. The curator ad hoc appointed by the court to represent the absent defendant, Percy J. McCarron, filed an answer in the form of a general denial.
Aside from the question of whether, in fact, a preliminary default was entered, the effect of which would be to join the issue, we find that the requirements of C.C.P. art. 1702 were not met.
*752 C.C.P. art. 1702, in part, provides:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.”
From the exhibits filed by plaintiff, it is clear to us that the property in which the party-defendants possibly have an interest is the NWJ4 of Section 20, Township 14 South, Range 16 East.
Percy J. McCarron acquired title from St. Bernard Syndicate by deed dated May 17, 1928 to the North Half of the Northwest quarter and the Southwest quarter of the Northwest quarter of Section 20, Township 14 South, Range 16 East.
On June 29, 1928, Percy M. McCarron sold to Louis Lupin the Northeast quarter of Northwest quarter of Section 20, Township 14 South, Range IS East.
By act of partnership agreement entered into, Arnold Louis Lupin and Percy J. McCarron declared that they agreed “to become co-partners, in relation to land owned by them in St. Bernard Parish, La., namely: NW 4 of Sec. 20. Tp. 14 S. R. 16 E (160 acres), each owning half interest.”
On April 20, 1939, Percy J. McCarron, in consideration of certain legal services to be rendered in clearing McCarron’s title to NE .14 of NW14 of Section 20 T. 14 S. R. 16 E, transferred an undivided one-half interest therein to the law firm of Irwin & Gertler.
Subsequently, in compromise of their respective claims to full ownership, as asserted in suit entitled McCarron v. McGrath, No. 2375 of the docket of the 25th Judicial District Court of St. Bernard Parish, Louisiana, Percy J. McCarron and Frank J. McGrath entered into an act of compromise wherein each recognized the other as owner of an undivided one-half .interest in the NE}4 of NWjí of Section 20, Township 14 South, Range 15 East.
The curator ad hoc appointed by the court to represent the absentee, Percy J. McCarron, in order to prove that title to the subject property vested in McCarron made an offer of the testimony of a deputy sheriff of St. Bernard to show that on the 1969 tax roll Percy J. McCarron, 110 Har-don Street, Mobile, Alabama, was assessed with 160 acres of land in Section 20, Township 14 South, Range 16 East, and also offered and the trial court permitted the filing in evidence of a letter dated November 21, 1968, purportedly written by Percy J. McCarron wherein he proclaimed that he was the rightful legal owner of the entire tract of land; and finally, the court received in evidence a certified copy of a tax deed dated November 6, 1943, to the SE 14 of NW 4 of Sec. 20 T 14 S., R. 16 E of property assessed in the name of Louis Lupin.
The evidence offered by the plaintiff and by the curator ad hoc, either collectively or separately does not establish a prima facie title to the property in which apparently appellants have an interest as vesting in Percy J. McCarron.
Hearsay evidence does not sustain or meet the requirements of C.C.P. art. 1702. In confirmation of default only legal evidence is admissible as proof and it must be of such weight and sufficiency to establish a prima facie title in the claimant. See Verrette v. Saltzmann & Gordau Welding Service, Inc., La.App., 248 So.2d 876 (1971); and Calvert Fire Ins. Co. v. Felton, La.App., 244 So.2d 311 (1971).
As there is no dispute herein between the parties to that portion of the judgment of the trial court which awarded the expropriation of this property to the plaintiff, in our decree which follows we will be concerned only with the issue raised by this appeal.
For the foregoing reasons, that portion of the judgment which recognized Percy J. McCarron as the owner of Section 20, Township 14 South, Range 16 East, being the property more particularly described as Tract No. 134-B and Tract 134 — C therein, *753 be and the same is reversed, annulled and set aside and this case is remanded to the district court for further proceedings in accordance with law.
Reversed and remanded.