337 So.2d 654 (1976)
CARTE BLANCHE PLUMBING AND HEATING REPAIR SERVICE, INC.
v.
Arnold VAN HAELER.
No. 7577.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 1976.
Roy S. Lilley, Lea, Lilley & Brainis, Metairie, for plaintiff-appellee.
Michael H. Bagot, John H. Gniady, New Orleans, for defendant-appellant.
Before REDMANN, BOUTALL and SCHOTT, JJ.
REDMANN, Judge.
On defendant's appeal from a $775 default judgment for an alleged open account balance, we annul for lack of proof and remand.
*655 C.C.P. 4896 (applicable in this Parish Court, R.S. 13:2561.10, and in cases over $100, C.C.P. 5002) provides that "prima facie proof may be submitted by affidavit" in taking a default judgment for a sum due on a conventional obligation.
Our affidavit, however, does not refer at all to the account filed with the petition, and says nothing of substance except that "the amount owed to plaintiff by defendant is $775." This is only a conclusion, drawn from facts not recited, and it would not suffice as testimony to support a default judgment; Kentgen & Co. v. Jordan, 1860, 15 La.Ann. 219. The affidavit is therefore insufficient in substance.[1]
The affidavit is also insufficient in form. Affiant recites, again, only a conclusion, that he is "familiar and well acquainted with the account"; no facts establish this conclusion. Affiant is identified only as attorney for plaintiffa capacity in which one's knowledge of plaintiff's claims is usually hearsay; see Buffalo Specialty Co. v. G. Pitard's Sons, La.App.1917, 14 Orl.App. 395 (in which the attorney's affidavit was the then customary verification "to the best of his knowledge and belief"). Hearsay, unless admissible by some exception to the exclusionary rule, will not suffice to support a default judgment; Board of Com'rs of Port of N.O. v. McGrath, La.App. 1973, 274 So.2d 749; Verrette v. Saltzman & Gordon Welding Svc. Inc., La.App. 1971, 248 So.2d 876. C.C.P. 4896 (compare C.C.P. 1702) might grant an exception to the hearsay rule by impliedly authorizing, e. g., the bookkeeper to give hearsay evidence on an account; his books' entries are presumably made from information supplied by sales clerks and cashiers. But art. 4896 does not purport to authorize the double hearsay of the lawyer's saying what the bookkeeper says the clerks say. See McCormick, Evidence (2d ed. 1972), § 310.
Annulled at plaintiff's cost; remanded.
NOTES
[1] We disagree with the reasoning of Merchants Adjustment Bur. v. Chriss, La.App., 2 Cir. 1958, 106 So.2d 797. Chriss, without adverting to the problem of a balance's being a conclusion (from addition and subtraction of the specific charges and payments), rejected the trial judge's distinction between an affidavit of correctness of the balance of an account and one of correctness of the account. The court of appeal, 106 So.2d 799, asserted "[i]f the balance of an account is established it is clear that any error in itemization would be immaterial." This view ignores that the balance is the result, rather than the source, of the itemized charges and payments making up the account.