MARK A. JONES                              *          NO. 2023-CA-0089

VERSUS                                     *          COURT OF APPEAL

CHARLES C. FOTI, JR. IN HIS                *          FOURTH CIRCUIT
OFFICIAL CAPACITY AS THE
CRIMINAL SHERIFF FOR                       *          STATE OF LOUISIANA
THE PARISH OF ORLEANS,
THE OFFICE OF THE                          *
CRIMINAL SHERIFF FOR
THE PARISH OF ORLEANS,                     *
ANY UNIDENTIFIED                   * * * * * * *
CRIMINAL SHERIFF
DEPUTY(S), THE LOUISIANA
DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS,
ET AL.


LOBRANO, J., DISSENTS AND ASSIGNS REASONS

I respectfully dissent.

On October 20, 2022, the district court erred in its dismissal of this case as abandoned and incorrectly held the following: (1) the case was abandoned pursuant to the Prison Litigation Reform Act ("PLRA"), La. R.S. 15:1181-1191, because prior to April 8, 2019,[1] Mark Jones owed an outstanding balance of $306.00 at the Clerk of Court's office "within three years from when they were incurred"[2] finding that "this case is deemed abandoned as of April 8, 2019" and (2) Mr. Jones did not take steps in the prosecution or defense of the case sufficient to interrupt the three-year abandonment period set forth in La. C.C.P. art. 561 reasoning that the three-year abandonment period began on April 8, 2019 (Mr. Jones filed a motion in opposition to an abandonment dismissal) and ended on June 29, 2022 (Mr. Jones filed an omnibus motion). The district court erroneously rejected the arguments

---

[1] In its motion to dismiss the suit as abandoned, the defendant, Orleans Parish Sheriff's Office, submitted an affidavit by its counsel of record dated April 8, 2019 that conclusively states that "according to information provided by the Clerk of Court, there are $306.00 of costs and fees due which have not been paid in the three years since the fees were incurred." The record before this Court is devoid of any other evidence regarding the Clerk of Court balance of $306.00 on April 8, 2019.

[2] La. R.S. 15:1186(B)(2)(c).

1

that (1) the case was not abandoned under the PLRA because this three-year abandonment period was not triggered and/or was waived or interrupted and (2) the filing of the rule to show cause by the Orleans Parish Sheriff's Office, on behalf of Charles Foti (hereinafter, collectively "the Sheriff's Office"), on July 9, 2019 and the court order signed July 23, 2019 setting an abandonment hearing for September 27, 2019 (which was continued without date) was a step in the prosecution under La. C.C.P. art. 561 and the *ratio decidendi* of *Dean v. Delacroix Corp.*, 12-0917 (La. App. 4 Cir. 12/26/12), 106 So.3d 283. I find that such a continuance without date interrupts the abandonment period with respect to the particular facts of this case.

I would reverse the district court's judgment dismissing this case as abandoned for the following reasons:

On October 24, 2003, Mr. Jones filed a Petition for Damages due to a severe brain injury he sustained when he was an inmate at the Orleans Parish Prison ("OPP") and incurred a filing fee of $306.00 court costs plus a $10.00 Indigent Legal Fee. District Court Judge Michael Bagneris accepted Mr. Jones's In Forma Pauperis ("IFP") application and signed an order dated November 6, 2003 allowing Mr. Jones "to file all pleadings, appear in, and prosecute or defend in this action without prior payment of costs or as they accrue, and without giving bond for costs, as provided by laws of the State of Louisiana and particularly Louisiana Code of Civil Procedure, Articles 5181 *et seq.*, as amended, pending further orders of this Court."

On February 19, 2004, the Louisiana Department of Public Safety and Corrections ("DOC") filed a motion to vacate service and to enforce automatic stay. On March 1, 2004, the district court granted the DOC's motion to vacate and stayed the proceedings. Nevertheless, the parties agreed to proceed with the matter, and it is undisputed that discovery was conducted until April 26, 2016.

2

On April 5, 2019, Mr. Jones filed an *ex parte* motion to lift the stay order to allow Mr. Jones to further prosecute "his claims against those remaining defendants . . . ."[3] On April 8, 2019, the Sheriff's Office filed a motion to dismiss the suit on grounds of abandonment, and submitted a proposed order granting the motion to dismiss on an *ex parte* basis. Mr. Jones filed an opposition to the motion to dismiss on April 8, 2019. In his opposition, Mr. Jones's counsel agreed to pay "those costs due" to avoid dismissal of the lawsuit.[4] This also would have negated the requirement to set up a payment plan for Mr. Jones due to his IFP prisoner status at the time. The district court subsequently denied the proposed order submitted with the motion to dismiss, noting that the matter should be set for a contradictory hearing.[5]

On July 9, 2019, the Sheriff's Office filed a motion to set the abandonment motion for hearing, and a hearing was set for September 27, 2019. The hearing was not conducted on the scheduled date; thus, it was continued without date. On June 29, 2022, Mr. Jones filed an omnibus motion seeking to proceed with all outstanding matters. A second, similar omnibus motion was filed by Mr. Jones on August 15, 2022, which was set for hearing on September 9, 2022. The district court reset the hearing on the motion to dismiss on grounds of abandonment to October 14, 2022 in order to consider the matter on the briefs. On October 20, 2022, the district court granted the motion to dismiss the suit as abandoned, without prejudice. The judgment expressly provided that "[the] case [was] deemed abandoned as of April 8, 2019. This appeal followed, and Mr. Jones raised the following assignments of error:

---

[3] The motion to lift stay averred that the DOC was dismissed from the lawsuit.

[4] The record reflects that all outstanding costs and fees were subsequently paid on behalf of Mr. Jones.

[5] La. R.S. 15:1186 B(2)(c) allows for "a contradictory hearing to be held prior to dismissal."

I. Did the Trial Court commit Manifest Error in holding that this matter was Abandoned, pursuant to La. R.S. 15:1186 B(2)(c) where original (since dismissed) defendant DOC sought and received a Stay Order relative vacating Plaintiff/Appellant's Service of Process and Staying Proceedings against the DOC only, and where neither Appellee Sheriff nor Appellant ever recognized that Stay Order, with both parties engaged in ongoing Discovery and Motion Practice over the history of this litigation, and with the Court Record and the Trial Court's Judgment, where taken together, prove there was never a period of inactivity exceeding three years, relative to the established, legally recognized steps taken in the lawful prosecution of this matter, and further, that any Abandonment by technical operation of law was vitiated and waived by the parties engaging in litigation as if the matter never was Abandoned.

II. Did the Trial Court commit Manifest Error in holding that this matter was Abandoned, pursuant to C.C.P. art. 561, where, again, both parties engaged in ongoing Discovery and Motions over the history of this litigation and where there was never a period of inactivity exceeding three years in this litigation, and where the Trial Court erroneously ignored duly filed pleadings and motions that are recognized lawful steps in prosecution here contained in the Court Record, proving the Plaintiff/Appellant never having allowed this matter to be abandoned.

I agree with Mr. Jones's arguments that this case was not abandoned and further find the following:

**Abandonment under the Prison Litigation Reform Act**

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court stated, "[i]t is now established beyond doubt that prisoners have a constitutional right of access to the courts." It stems from the First Amendment right to petition and the Fourteenth Amendment's Due Process and Equal Protection Clauses. This right ensures that prisoners can challenge the legality of their convictions and the conditions of their confinement and recover damages sustained from injuries sustained while incarcerated. However, the right of access to the courts is not absolute and can be subject to certain constitutional limitations. Regarding the issue of requiring indigent prisoners to pay costs of litigation, the PLRA and

4

Louisiana Code of Civil Procedure require prisoners to pay filing fees for lawsuits against governmental entities and officials and set up payment plans, even if they are granted IFP status.

Louisiana recognizes a "Privilege of Litigating Without Prior Payment of Costs" as follows:  "an individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor." La. C.C.P. art. 5181(A). One qualified restriction to this Privilege of Litigation exists and pertains to any person who seeks to initiate a civil action while incarcerated or imprisoned for the commission of a felony. La. C.C.P. art. 5181(B).  Some felony prisoners are allowed to proceed without paying costs in advance while others are required to advance costs in accordance with the following schedule:

| Prisoner's Present Assets | | Advance Cost To Be Paid | |
|---|---|---|---|
| Minimum Amount | Maximum Amount | Minimum Amount | Maximum Amount |
| $ 0.00 | $ 20.00 | $ 0.00 | $ 3.00 |
| $ 20.01 | $ 45.00 | $ 3.00 | $ 9.00 |
| . . . . | | | |
| $ 345.01 | $ 365.00 | $ 99.00 | $ 105.00 |
| $ 365.01 | Up $105.00 to all advance cost. | | |

La. C.C.P. art. 5181(B).[6]

Under the PLRA, prisoners granted IFP status must make an initial partial payment unless waived, and then a court "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law. . . ." La. R.S. 15:1186(A)(2). These payments can be taken from a prisoner's trust fund account,

---

[6] "The court for good cause shown may require a prisoner to pay more or less advance cost than is required by the schedule in Paragraph B of this Article if the court finds that the prisoner's prior financial record makes reliance on his present economic status inappropriate." La. C.C.P. art. 5181(C).

where funds from their prison job or family might be deposited. These payments are withdrawn from the inmate's account only when assessed by the court.[7]

Judge Bagneris accepted the affidavit of poverty filed by Mr. Jones and the record before us reflects a zero balance from the date of filing the petition until the April 8, 2019 affidavit submitted in support of the Sheriff's Office's motion to dismiss. Nothing in the record indicates whether the court assessed Mr. Jones for payment of funds after Judge Bagneris allowed Mr. Jones to proceed under an IFP prisoner status. Prisoners have a constitutional right of access to the courts, and a court's application of any restrictions on such a right should not render the right meaningless, ineffective, or prejudicial to prisoners. Assuming that Mr. Jones had a $306 balance as of April 9, 2019, the district court was mandated to assess costs due to Mr. Jones's IFP prisoner status and set up a payment plan for the payment of the $306. Without this type of mandated assessment and payment plan, the three-year abandonment period under PLRA is not triggered.

Moreover, the record is devoid of any competent evidence to prove that there is a $306 balance and the particulars of this balance. In fact, the district court's record before us indicates a zero balance on April 8, 2019, the date on which the Sheriff's Office filed its affidavit. Further, that affidavit, which is made by counsel of record for the Sheriff's Office, lacks any indication that it is made on personal knowledge and fails to attach any supporting Clerk of Court records.[8]

---

[7] However, the fees should not be so burdensome as to completely deny access. The PLRA ensures that a prisoner is not prohibited from bringing a suit because of an inability to pay the filing fee upfront. The fee is gradually deducted from their inmate account over time. The PLRA thus supports a policy that, while prisoners must bear financial responsibilities, they cannot be barred from access to the courts entirely due to inability to pay.

[8] "Affidavits must be based upon the personal knowledge of the affiant." *Parker v. Schneider*, 14-0232, p. 4 (La. App. 4 Cir. 10/1/14), 151 So.3d 679, 682 (citing La. C.E. article 602; *W & W Clarklift, Inc. v. Svendsen*, 535 So.2d 1325 (La. App. 5 Cir. 1988); *Arkla, Inc. v. Maddox and May Brothers Casing Service, Inc.*, 624 So.2d 34 (La. App. 2 Cir.1993); *Carte Blanche Plumbing and Heating Repair Service, Inc. v. Van Haeler*, 337 So.2d 654 (La. App. 4 Cir. 1976); La. C.C.P. art. 967). "Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source." *Id.* (quoting *Foundation Materials, Inc. v. Carrollton Mid-City Investors, L.L.C.*, 10-0542, p. 7 (La. App. 4 Cir. 5/25/11),

6

Thus, I find that Mr. Jones either did not owe an outstanding balance on April 8, 2019 and/or that this *de minimis* advance court cost payment was waived and not contested at all pertinent times within the spirit of the PLRA and the balancing of the policy of discouraging unnecessary litigation by prisoners and Mr. Jones's constitutional right to access justice.

The PLRA was enacted to curtail baseless or nuisance suits by prisoners. *Pope v. State*, 99-2559, p. 12 (La. 6/29/01), 792 So.2d 713, 720 n. 16; *Rhone v. Ward*, 39,701, p. 4 (La. App. 2 Cir. 5/11/05), 902 So.2d 1258, 1261; *Gray v. State*, 05-0617, p. 4 (La. App. 3 Cir. 2/15/06), 923 So.2d 812, 816. It is noteworthy that the lawsuit filed herein alleges severe injuries suffered by Mr. Jones. According to the allegations of the Petition, Mr. Jones was attacked by a fellow inmate in the "day room" of OPP and beaten in the head with a steel padlock, causing Mr. Jones to suffer "a cracked skull, brain injury, partial paralysis, brain surgery, as well as other serious injuries." While the goal of deterring frivolous lawsuits is commendable, the district court's dismissal suppresses Mr. Jones's legitimate claims due to financial barriers. It is essential to strike a balance that upholds the constitutional right of Mr. Jones to access the courts while discouraging unnecessary litigation.

Thus, I find that the defendants failed to meet their burden by the April 8, 2019 affidavit, and the district court erred in dismissing this case as abandoned pursuant to the PLRA.[9]

---

66 So.3d 1230, 1234-35)(internal citations omitted). "The purpose of the requirement of 'personal knowledge' is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses." *Id.*

[9] "Abandonment is both historically and theoretically a form of liberative prescription that exists independent from the prescription that governs the underlying substantive claim." *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 11 (La. 5/15/01), 785 So.2d 779, 787. Since abandonment is a form of liberative prescription, the burden should be on the defendant to prove that the case has been abandoned under the PLRA. Generally, a party raising a peremptory exception, urging prescription, bears the burden of proof, unless prescription is evident from the face of the pleadings, in which case the plaintiff bears the burden of showing that the action has not prescribed. *Spott v. Otis Elevator Co.*, 601 So.2d 1355 (La. 1992).

**Abandonment under La. C.C.P. art. 561**

I also find that the district court erred in dismissing this case as abandoned under La. C.C.P. art. 561. Whether an action has been abandoned is a question of law. *Olavarrieta v. St. Pierre*, 04-1566, p. 3 (La. App. 4 Cir. 5/11/05), 902 So.2d 566, 568. "This Court has held that with regard to suits that have been deemed abandoned, the standard of review of the appellate court is simply to establish whether the lower court's interpretive decision is correct." *Escoffier v. City of New Orleans,* 06-1005, p. 2 (La. App. 4 Cir. 4/11/07), 957 So.2d 216, 218.

Article 561 provides that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. . . ." The Louisiana Supreme Court has held that La. C.C.P. art. 561 imposes three requirements on plaintiffs: (1) a party must take some "step" in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784. A "step" in the prosecution or defense is defined as taking formal action before the court, which is intended to hasten the matter to judgment, or the taking of a deposition with or without formal notice. *Id.* Under La. C.C.P. art. 561(B), "[a]ny formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action." A step in the prosecution or defense taken by a party interrupts the abandonment period and commences its running anew. *Clark*, 00-3010, p. 1, 785 So.2d at 781; *Miles v. Suzanne's Cafe' & Catering, Inc.*, 11-0907, p. 7 (La. App. 5 Cir. 3/27/12), 91 So.3d 1107, 1111.

The policy underlying Article 561 is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. *See Chevron Oil Co. v. Traigle,* 436 So.2d 530, 532 (La. 1983). Abandonment is not a punitive measure; it is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. *Benjamin-Jenkins v. Lawson*, 00-0958, p. 3 (La. App. 4 Cir. 3/7/01), 781 So.2d 893, 895. Abandonment is not favored, and the abandonment statute is to be liberally construed in favor of maintaining a plaintiff's suit. Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *Charpentier v. Goudeau,* 95-2357, p. 2 (La. App. 4 Cir. 3/14/96), 671 So.2d 981, 982-83; *Jefferson Indoor Shooting Center, Inc. v. New Orleans Sports, Inc.,* 95-1978, 95-1979, p. 4 (La. App. 4 Cir. 3/14/96), 671 So.2d 976, 978.

The parties conducted discovery between May 17, 2013 and April 26, 2016. Within three years of this activity, Mr. Jones filed a motion to lift the stay on April 5, 2019, and the Sheriff's Office filed a motion to dismiss on grounds of abandonment on April 8, 2019. Both of these filings were intended to hasten the matter to judgment, and three years had not elapsed since said discovery was propounded on the Sheriff's Office. Accordingly, it is undisputed that on each of these dates, the abandonment period was interrupted and commenced to run anew.

On July 9, 2019, the Sheriff's Office moved to set its abandonment motion for hearing, and on July 23, 2019, the district court set a hearing date. Notably, the issues before the district court at this hearing included payment of any fees and costs due pursuant to Mr. Jones's IFP status, which would have necessarily entailed court-ordered assessment against Mr. Jones's prisoner trust account. This was not done. Moreover, the parties were not served with notice of the hearing, resulting in the continuance without date.

9

In *Dean v. Delacroix Corp.*, 12-0917 (La. App. 4 Cir. 12/26/12), 106 So.3d 283, this Court held that an order granting a motion for continuance, without date, interrupted the time for abandonment of an action. *Dean* has consistently been applied by this Court. *See Heirs of Simoneaux v. B-P Amoco*, 13-0760 (La. App. 4 Cir. 2/5/14), 131 So.3d 1128; *Delacruz v. Anadarko Petrol. Corp.*, 14-0433 (La. App. 4 Cir. 12/3/14), 157 So.3d 790; *Fischer v. Chad Rogers, Cuvee, L.L.C.*, 19-0337 (La. App. 4 Cir. 10/9/19), 280 So.3d 1199. I find the *ratio decidendi* of *Dean* controls the resolution of the issue in this matter as to the effect of the order setting the motion for abandonment for hearing. If an order granting a motion for continuance without date is sufficient to constitute a step in the prosecution or defense of a case, *a fortiori*, an order setting a contradictory hearing on a motion to dismiss constitutes a step in the prosecution or defense. Accordingly, I find that the motion to set for hearing filed on July 9, 2019, as well as the July 23, 2019 order setting the matter for hearing, constituted a step in the prosecution or defense of the action sufficient to interrupt the abandonment period and cause it to begin to run anew.

The next formal action was taken within three years of the order setting the abandonment motion for hearing, on June 29, 2022, when Mr. Jones filed an omnibus motion seeking to proceed with all outstanding matters. A review of the record shows that no three-year period existed during which the parties did not take a step in the prosecution or defense of the action. Accordingly, I find the district erred in determining that the action was abandoned and dismissing the action.

10