STOULIG, Judge.
Plaintiff, Dolphin Swimming Pool Co., Inc., obtained a judgment of $1,474.20 plus interest and costs, representing the unpaid balance due by defendants, Barbara Le-veque and Ken Leveque, Sr., on a swimming pool construction contract. Defendants were allowed an offset of $856.11. Plaintiff has appealed primarily to have us revise the judgment to award the 25% attorney fees stipulated in the contract and to eliminate the offset allowed defendants.
As background we note plaintiff tendered the pool as complete on October 1,1973 and presented a bill for the unpaid balance of $1,474.20. Defendants did not challenge the amount claimed; however, they asserted the cost to correct defective workmanship and the damages for inconvenience more than offset the balance due plaintiff.
Because defendants have neither appealed nor answered this appeal, we limit our review of the judgment on the affirmative defense and reconventional demand to allowance of these items:
$681.50 for pool repairs;
$129.61 for a filter motor; and
$ 45.00 for chlorine.
Plaintiff contends the evidence adduced is insufficient to support a judgment in favor of defendants.
Defendants testified that repairs were required because plaintiff’s workmanship in constructing the pool was defective. At the time of the trial the remedial work had not been performed. Defendants introduced an unsigned estimate for pool repairs on the stationery of A. C. Cross, Inc., however, the man who made the estimate was not called as a witness. Counsel for plaintiff properly objected to its admissibility as hearsay, nonetheless the trial judge allowed as an offset against plaintiff’s claim the $681.50 specified in the estimate. This ruling is unsustainable under Ordonez v. Maryland Casualty Company, 312 So.2d 875 (La. App. 4th Cir. 1975).
Offset is an affirmative defense which must be supported by competent evidence. C.C.P. art. 1005. The myriads of *305 complaints advanced by both defendants coupled with inadmissible evidence does not establish the alleged need for repairs covered by the estimate by a preponderance of the evidence. Therefore we disallow this credit.
It was proper to allow defendants a credit of $45 for chlorine and $129.61 for filter motor replacement. The contract required plaintiff to furnish a ease of chlorine and it did not dispute defendants’ assertions of nondelivery. It is true defendant Ken Leveque approximated his cost at $45 or $50; plaintiff, who certainly knows whether this is reasonable, did not question this amount. The trial judge’s awarding the lower of the two figures was not error.
Defendants testified to replace the defective filter motor they paid Warren English Pool Service $129.61, and in support thereof placed in evidence a receipted invoice for this amount. They need not prove payment, only that they incurred this debt because of plaintiff’s poor workmanship. Oral testimony is sufficient to establish defendants entered into a replacement contract for $129.61 (C.C. art. 2277). We will not reverse the trial court’s apparent acceptance of this testimony.
Finally, plaintiff correctly points out it is entitled to 25% attorney fees under the contract and the judgment will be amended to allow this item.
For the reasons assigned the judgment is amended and recast as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Dolphin Swimming Pool Co., Inc., and against defendants, Barbara Leveque, wife of/and Ken Leveque, Sr., in the full sum of $1,474.20, less a credit of $174.61, plus 8% interest from October 1, 1973 until paid, together with 25% attorney fees on the net principal due plaintiff. Defendants are to pay all costs of this litigation and that portion of the trial court judgment awarding defendants costs is reversed.
In all other respects the judgment appealed from is affirmed.

AMENDED IN PART; REVERSED IN PART; AFFIRMED IN PART.