BYRNES, Judge.
This appeal arises from a declaratory judgment action filed by Rose Marie Stewart Anderson which was consolidated with a concursus proceeding initiated by Northwestern National Life Insurance Company. Both actions sought to determine the legal beneficiary of an insurance policy purchased by Robert Anderson from Northwestern through his employer, the Orleans Parish School Board.
Robert Anderson, the named insured, was married twice, first to Rose Marie *360 Stewart Anderson from whom he obtained a divorce in 1978, and second, to Sharon Ann Anderson who he married on July 29, 1981. There were two children from the first marriage, and two from the second marriage.
While under the employ of the Orleans Parish School Board, Mr. Anderson obtained life insurance naming Rose Marie Anderson, his wife at that time, as the beneficiary. In 1982 Mr. Anderson was told he had lung cancer but continued to work and function normally until 1985 when his condition worsened. He died in March of 1985.
In January of 1985, Sharon Ann Anderson, Mr. Anderson’s second wife, called the claims department of Jack Parker and Associates, who was assigned to the Orleans Parish School Board account and who handled all its life insurance policies. Mrs. Anderson requested information as to who was the present beneficiary on Mr. Anderson’s life insurance policy No. 13348-5. The clerk checked the card and reported that Rose Marie Stewart Anderson, Mr. Anderson’s first wife, was named beneficiary. Sharon Anderson then asked that the clerk send her a change of beneficiary form which was filled out, signed, and sent back to Jack Parker and Associates.
When the clerk at Jack Parker and Associates received the completed form in the mail, she questioned the authenticity of the signature and discussed it with her supervisor who subsequently sent a verification letter to Mr. Anderson. This letter requested that Mr. Anderson verify that the change of beneficiary was correct by signing the bottom of the letter and returning it to the company. Mr. Anderson complied and no further inquiry was made by Jack Parker and Associates.
After Mr. Anderson’s death, Rose Marie Anderson filed suit for a declaratory judgment claiming that the signature on the change of beneficiary form and verification letter were not her ex-husband’s and that she was therefore, still the beneficiary of the policy. This action was consolidated with a concursus proceeding initiated by Northwestern National Life Insurance Co., the underwriter of the disputed policy.
At trial, Rose Marie Anderson and her two daughters testified that the signatures in question were not Mr. Anderson’s. Mr. Anderson’s mother also testified that the signatures were not her son’s. However, there was a significant inconsistency between the testimony of Mr. Anderson’s mother and that of Rose Marie Anderson. Rose Marie testified that she discovered her ex-husband had changed the beneficiary approximately two months before he died, and she then retained an attorney; presumably to challenge the change, although no action was taken until after Mr. Anderson died. More importantly, she testified that she learned of the change from Mr. Anderson’s mother, who was living with her at the time. However, Mr. Anderson’s mother denied having any knowledge of the change of beneficiary until after her son’s death. This directly contradicted Rose Marie’s testimony, and brought the credibility of both witnesses into question.
To further support her claim, Rose Marie Anderson tried to introduce an affidavit signed by a handwriting expert who was of the opinion that the signatures in question were not Mr. Anderson’s. However, the trial court correctly refused to admit this affidavit because the defendant had no opportunity to cross-examine the witness.
Testimony was also offered by Rose Marie Anderson trying to show that Mr. Anderson was gravely ill, and was therefore physically and mentally incapable of changing the beneficiary. Moreover, she tried to prove that Mr. Anderson had made a firm commitment to her and her children that he would not change the beneficiary of the policy. Finally she endeavored to show that the signatures in question were not genuine by introducing checks and other documents signed by Robert Anderson which showed that the signatures on the change of beneficiary form and verification letter were somewhat different from those on the other exhibits offered into evidence.
*361 In defending the suit, Sharon Anderson testified that her husband was well enough to sign his name at the time the beneficiary on the policy was changed. Moreover, she testified that she was present when he signed both the original change of beneficiary form and the verification letter.
The trial court rendered judgment in favor of the defendant, Sharon Ann Anderson, finding her to he the named beneficiary of Robert Anderson’s life insurance policy No. 13348-5. The decision was based on the court’s conclusion that the plaintiff had not proven her case by a preponderance of the evidence. After careful review of the record, we affirm this finding.
When there is evidence before the trier of fact which, upon its evaluation of credibility furnishes a reasonable factual basis for the trial court’s finding, the appellate court will not disturb the finding absent manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973).
As discussed earlier, the credibility of Rose Marie and her mother-in-law became suspect when their testimony conflicted on the question of how and when Rose Marie became aware that her ex-husband had changed the beneficiary on the policy. Although Mr. Anderson’s daughters by his first marriage both testified that the signatures in question were not his, both admitted that they had not been present when any of the exhibits purporting to show Mr. Anderson’s handwriting had been executed. Those exhibits do show a marked change in the way Mr. Anderson signed his name. However, given his deteriorating health, this change alone was not adequate to prove that the later signatures were not his. The only party who was present when the change of beneficiary form and verification letter were signed was Sharon Anderson, who testified without contradiction that she saw her husband sign both documents.
Given the conflicting testimony and the personal interest of many of the witnesses in the outcome of the trial, we cannot say that the trial court was manifestly wrong to believe Sharon Anderson and find that the signatures in question were genuine. While this court may have reached a different result, we are not the finder of fact and will not second guess the trial court’s factual conclusions. The judgment is therefore affirmed at appellant’s cost.
AFFIRMED.