M. JOSEPH TIEMANN, Judge Pro Tern.
This is a garnishment proceeding.
Plaintiff, New Orleans Flooring Supply, Inc. obtained a default judgment against defendant, Michael Hebert. Pursuant to a writ of fieri facias, plaintiff filed garnishment interrogatories directed to Westbank Investors, Inc. (d/b/a Michael Hebert Fine Furniture). Included in the interrogatories was the following:
1st. Had you in your hands, or under your control, directly or indirectly, at the time of service of these interrogatories, or at any time since, any money, rights, credits, or other property whatsoever, belonging or due to the said defendant in judgment or in which he has or had any interest for the whole or for a part; and if yea, what is the nature, description and amount thereof, and is the same sufficient to pay or satisfy the full amount of said judgment or if less, to what amount?
* * * you being asked and required to make a full disclosure in relation to the same.
Westbank Investors, through its president Noah Hebert (defendant’s father), responded negatively to the interrogatories. Plaintiff filed for a rule to traverse. At the hearing on plaintiff’s rule, Noah Hebert testified that defendant acted in four to six commercials promoting Michael Hebert Fine Furniture. In exchange for defendant’s services, Noah Hebert agreed to deduct amounts from the balance of a personal loan owed to him by defendant. Noah Hebert valued the credit of each commercial at $500.00.
We find that the rule to traverse was properly denied. The only evidence at the hearing shows that defendant was given credit for his services by Noah Hebert personally and that Noah Hebert applied the credit to a personal loan owed to him by defendant. Plaintiff did not prove by a preponderance of the evidence that the credit was in the possession of Westbank Investors, Inc. Allied Finance Company v. Rogers, 215 So.2d 400 (La.App. 2 Cir. 1968).
The district court’s judgment is
AFFIRMED
GOTHARD, J., concurs.