624 So.2d 34 (1993)
ARKLA, INC., d/b/a Arkansas Louisiana Gas Company, Plaintiff,
v.
MADDOX AND MAY BROTHERS CASING SERVICE, INC., Defendant.
No. 25111-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
*35 Blanchard, Walker, O'Quin & Roberts by J. Jay Caraway, Shreveport, for appellant, Arkla, Inc.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre by Stanhope B. Denegre, New Orleans, for appellee-garnishee, Scurlock Oil Co.
Before SEXTON, HIGHTOWER and BROWN, JJ.
HIGHTOWER, Judge.
The creditor in this proceeding, Arkla, Inc., d/b/a Arkansas Louisiana Gas Company ("Arkla"), appeals the dismissal of its garnishment and dissolution of its writ of sequestration. Finding an affidavit improperly admitted at the traversal of answers to interrogatories, we vacate the judgment and remand for a new hearing.

FACTS AND PROCEDURAL HISTORY
On December 14, 1987, Arkla filed suit against Maddox and May Brothers Casing Service, Inc. ("Maddox") and Northeast Lisbon Production Co. Inc. ("Lisbon"), seeking payment for natural gas supplied to compressors at some sixteen oil wells in the Northeast Lisbon Unit, owned and operated by the defendants. In a $32,976.02 default judgment rendered on February 18, 1988, Arkla also secured recognition of its privilege against the wells and any owners of working interest therein, in addition to maintenance of a sequestration as to production proceeds, all pursuant to LSA-R.S. 9:4861, et seq.
In the original petition, Arkla named the purchaser of oil and distillate from the unit, Scurlock Oil Company ("Scurlock"), as garnishee. In response to interrogatories concerning any indebtedness owed to Maddox or Lisbon, Scurlock eventually revealed holding in suspension approximately $96,000 in payments "originally attributable" to production from the wells. Nonetheless, having acted on behalf of Maddox and Lisbon to settle a severance tax debt incurred in the activity, the garnishee asserted its entitlement to the monies as a setoff or compensation.
On July 3, 1991, viewing the replies as acknowledging an obligation in favor of the judgment debtors, Arkla filed a motion to traverse the answers to interrogatories. Scurlock responded with an October 1, 1991 memorandum, and, the next day, supplemented that document with an affidavit by Don Childs, special projects manager in the garnishee's accounting department. The trial *36 court, after an October 3 hearing, and relying essentially on the facts disclosed by the affiant, concluded the suspended funds had been offset by operation of law before Arkla instituted its lien. The district judge reasoned that, inasmuch as severance taxes are owed at the moment natural resources are taken from the earth, the subject production payments did not belong to the judgment debtors and, thus, could not be seized by the judgment creditor.
Hence, the adjudication denied the motion to traverse answers to interrogatories, dismissed the petition for garnishment, and released the writ of sequestration. Arkla now appeals, challenging both the acceptance of the affidavit into evidence and the eventual decision on the merits.

DISCUSSION
Initially, appellant assigns as error the trial court's admission of the affidavit into evidence. As previously explained, two days before the scheduled hearing on the motion to traverse, Scurlock submitted to the court an opposing memorandum. Within that document, the garnishee provided a lengthy explanation concerning its alleged entitlement to the suspended funds as a set-off for the previously-incurred severance tax liability. The following day, the trial court granted Scurlock's ex parte request to file Childs's affidavit "in support of [the] Memorandum in Opposition." Subsequently, at the beginning of the traversal proceeding, Arkla objected to the introduction of the document into evidence.
Generally, an affidavit is inadmissible as hearsay. Frazier v. Green Steel Building, Inc., 409 So.2d 1290 (La.App.2d Cir.1982). Furthermore, even in rare instances where acceptable as a substitute for testimony, an affidavit must be based on personal knowledge, must set forth only facts admissible in evidence, and must show that the affiant is competent to testify to the matters contained therein. Cf. LSA-C.E. Art. 602; LSA-C.C.P. Art. 967; Simoneaux v. E.I. du Pont de Nemours & Co. Inc., 483 So.2d 908 (La.1986). See also Richards v. Gulfco Electronics, Corp., 360 So.2d 609 (La. App. 4th Cir.1978), writ denied, 363 So.2d 69 (La.1978); Carte Blanche Plumbing & Heating Repair Service, Inc. v. Van Haeler, 337 So.2d 654 (La.App. 4th Cir.1976). In the document presented here, Childs professed his responsibilities encompassed assisting his employer respond to state claims for delinquent severance taxes. Yet, factually, the affiant merely asserted he "read the foregoing Memorandum in Opposition to Motion to Traverse Answers of Garnishee, and to the best of his knowledge, all facts stated therein are believed to be true."
These statements do not adequately demonstrate personal knowledge of the wordy disclosures within the referenced document, the Memorandum in Opposition, which combines both extensive legal arguments and factual revelations. More specifically, an assertion that such a writing is based on the best of the affiant's knowledge and belief will not suffice. Cf. Lake Superior Piling Co., Inc. v. Mobile Oil Corp., 502 So.2d 581 (La. App. 1st Cir.1987). So too, as appellant notes, the admission of the affidavit averted any opportunity to cross-examine the garnishee's sole witness. Cf. Anderson v. Orleans Parish School Board, 525 So.2d 359 (La.App. 4th Cir.1988). Hence, in accepting the assailed writing into evidence, the trial court erred.
In brief, Scurlock contends appellant suffered no prejudice, even if admission of the document constituted error. It is argued that Arkla bore the burden of proof at the hearing; thus, no necessity existed for the garnishee to confirm its previous answers to interrogatories; and, accordingly, the affidavit embodied merely "cumulative" evidence. We disagree.
Arkla's interrogatories sought information on any possible debt the garnishee owed to Maddox or Lisbon "attributable to or arising from production of oil and/or gas" from the unit. Eventually, on September 18, 1989, in its second amended answers, Scurlock responded:
Scurlock presently has in its possession approximately $96,475.17 originally attributable to Production Payments arising out of the Lease in question. Scurlock claims that it is entitled to retain this money as a *37 set-off or compensation with regard to Scurlock's claim against Maddox and May Brothers Casing Service, Inc. ("Maddox and May"), ... and/or Northern [sic] Lisbon Production Company, Inc., for reimbursement for additional severance tax, plus interest, which Scurlock was forced to pay the State of Louisiana.
Granted, in traversing answers to garnishment interrogatories, the movant generally bears the burden of proving the falsity of a garnishee's absolute denial that he possesses any property of, or is indebted to, the judgment debtor. See New Orleans Flooring Supply, Inc. v. Hebert, 549 So.2d 436 (La.App. 5th Cir.1989). But here, whatever else Scurlock's answer may have been, it clearly fell short of such an unequivocal and unconditional denial. Cf. Dunckelman Distributing Co., Inc. v. Hyde, 334 So.2d 236 (La.App.2d Cir.1976), writ denied, 338 So.2d 294 (La.1976); A.F. Blair Co., Inc. v. Mason, 406 So.2d 6 (La.App. 1st Cir.1981), writ denied, 410 So.2d 1132 (La.1982). Instead, appellee declared itself to hold funds which it no longer owed to Maddox and Lisbon. As the trial court characterized, "Scurlock claims that what it has is subject to Scurlock's claims by way of set off or compensation against the judgment debtors for the severance taxes ... paid the State of Louisiana."
Such an assertion of compensation or setoff equates to the affirmative defense of extinguishment of the obligation. LSA-C.C.P. Art. 1005; Jacobs v. Grayson, 432 So.2d 1036 (La.App. 1st Cir.1983); Dolphin Swimming Pool Co., Inc. v. Leveque, 347 So.2d 303 (La.App. 4th Cir.1977); Campbell v. Clark, 43 So.2d 553 (La.App.Orl.1950). Here, then, as in any other proceeding, the litigant pleading such an affirmative defense bears the burden of proving it by a preponderance of the evidence. A Better Place, Inc. v. Giani Investment Co., 445 So.2d 728 (La.1984); Bell v. Badger Dredging, Inc., 420 So.2d 1197 (La.App. 5th Cir.1982).
Thus, inadmissible evidence having been utilized in Scurlock's affirmative defense, we cannot say Arkla escaped prejudice. Although quite impressed by the trial court's reasoning in reference to the merits, we reluctantly conclude that the record before us does not properly support the judgment rendered. Thus, a just result mandates remanding the matter so that both parties may adduce evidence substantiating their respective positions. See LSA-C.C.P. Art. 2164. Cf. Johnson v. Fulwood, 398 So.2d 1151 (La.App. 4th Cir.1981).

CONCLUSION
Accordingly, for the foregoing reasons, the appealed judgment is vacated and the matter is remanded for further proceedings consistent with the views expressed herein. Costs of this appeal will be paid by Scurlock; other assessments shall await final determination of the litigation.
JUDGMENT VACATED; REMANDED.