| Judge TERRI F. LOVE.
The appellant is the holder of a promissory note executed by the defendant on July 11, 1989, with the last payment made by the defendant on February 7, 1996, by check from the account of the defendant’s business and place of employment, the Jack Dempsey Restaurant, located in Orleans Parish. The petition, which was filed on August 11, 1999, alleges that the defendant is “Andrew Marino, doing business in the Parish of Orleans”. At the time the suit was filed, service was requested on the defendant at the Jack Dempsey Restaurant. Proof of personal service in the court record shows that the defendant was served on March 16, 2001, at the Jack Dempsey Restaurant.
On March 23, 2001, defendant’s counsel filed a peremptory exception of prescription, claiming “... the running of five (5) years from the date of last payment.” The exception of prescription was set by the appellant for hearing on July 27, 2001, and reset for September 7, 2001. On September 4, 2001, the appellant submitted a memorandum to the trial court in opposition to the defendant’s exception of prescription. The appellant claims that on September 6, 2001, it received a faxed copy of a memorandum from the defendant on the issue of improper venue, which was clocked in by the Clerk of the Court on August 30, ¡ p2001, but allegedly never received by the Court. No declinatory exception of venue had been filed. At the hearing on September 7, 2001, the appellant argued that the filing of the lawsuit on August 11, 1999, did not interrupt the five-year prescriptive period because the suit was filed in an improper venue, and the *523 defendant was not served until March 16, 2001. The trial court accepted the affidavit of the defendant as proof of his residency outside of Orleans Parish and found that the defendant had not been served within the prescriptive period. On September 14, 2001, the trial court rendered its order maintaining the exception of prescription.
On September 21, 2001, the appellant filed its Motion for New Trial and Memorandum in Support of Motion for New Trial on the grounds that “the record failed to reflect that service was repeatedly attempted when the suit was filed well within the prescriptive period; and that the plaintiff made arguments at the hearing of the exception unaware that the defendant’s memorandum had never reached the court”. In its Memorandum in Support of Motion for New Trial, the appellant outlines, and supports with documentation, the attempts at service after filing suit on August 11,1999 as follows:
August 16, 1999, the Clerk of Court issues citation and service;
August 26, 1999, Deputy Jefferson notifies the appellant that he was unable to serve the defendant;
March 2, 2000, the Sheriff reissues citation, and service is again unsuccessful; February 23, 2001, the Clerk of Court reissues citation; March 16, 2001, personal service is made on the defendant.
|3On November 2, 2001, the hearing on the appellant’s Motion for New Trial was held, and the appellant argued that it had been unaware that the defendant was challenging venue until the day before the hearing on prescription. As a result, the appellant claims it was unprepared to argue venue, and the record before the trial court failed to reflect that service was repeatedly attempted when the suit was filed.
DISCUSSION
At issue is whether the trial court erred when it denied the Motion for New Trial. The appellant argued that numerous attempts were made to serve the defendant and that the filing of the suit in Orleans Parish interrupted prescription because the defendant has a business in Orleans. Despite this, the trial court found that King’s claim prescribed before the defendant was personally served. To have reached the prescription issue and found prescription to have run, the trial court must necessarily have found venue to be improper in Orleans Parish.
It is not disputed that the lawsuit was originally filed on August 11, 1999, or that the defendant was not personally served until March 16, 2001. The defendant contends that under La. C.C. art. 3462, prescription was not interrupted on the appellant’s claim by the mere filing of the suit. The appellant argues that the defendant failed to file a declinatory exception of venue and is thus barred from arguing improper venue as a basis for prescription.
The issue of venue should be decided first, even when argued in the context of prescription. All remaining exceptions may then be acted upon in a district court of proper venue in the interests of justice. Bellard v. Louisiana Correctional & Indus. School, 95-0157, p. 4 (La.10/16/95), 661 So.2d 430, 432. In a Fifth |4Circuit Court of Appeal case, a similar issue as presented in the instant case was addressed:
Suit was filed on behalf of the McKeans in Orleans Parish on November 15,1989, and was met by defendant’s exception of improper venue. Because defendant’s headquarters and registered office is in Jefferson Parish, the Civil District Court for the Parish of Orleans granted the exception of improper venue and ordered the suit transferred to the 24th *524 Judicial District Court in Jefferson Parish. In Jefferson Parish, defendant excepted to the petition alleging the cause of action had prescribed [footnote omitted] by passage of more than three (3) years from the date of the accident until service of the petition on defendant.
McKean v. Skipper Hydraulic, Inc., 592 So.2d 433, (La.App. 5 Cir.1991). The court found that “because appellant was injured on March 18, 1987, suit was filed on his behalf in an improper venue on November 15, 1989, and defendant was not served until April 9, 1990, more than three years from the date of the accident, the cause of action has prescribed and was properly dismissed.” McKean, 592 So.2d at 434. The defendant, however, had filed an exception of venue, which was addressed first, and then the court of proper venue decided the issue of prescription.
Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Campo v. Correa, 2001-2707, p. 7 (La.6/21/02), 828 So.2d 502, 508, citing Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992). It is only if prescription is evident on the face of the pleadings that the burden shifts to the appellant to show that the action has not prescribed. Campo, 2001-2707, p. 7, 828 So.2d at 508, citing Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993). La. C.C. art. 3462 states:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee, commences action against the obligor, in a court of competent jurisdiction and venue. If action is-lficommenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
At the hearing on the exception of prescription, it was agreed that the lawsuit was filed within the five-year prescriptive period. Normally, the filing of a suit in a court of competent jurisdiction interrupts prescription. La. C.C. art. 3462; Smith v. Cutter Biological, 99-2068, p. 28-29 (La. App. 4 Cir. 9/6/00), 770 So.2d 392, 408. The defendant, however, argued that because he was not served until after the five-year prescriptive period and his domicile is outside of Orleans Parish, where the lawsuit was filed, the action has prescribed. The defendant offered an affidavit, which stated in its entirety “for the last ten years he has been a resident of St. Tammany Parish, Louisiana, and has not resided in Orleans Parish during that time.” The appellant argued that there were factual issues to be determined and testimony to be taken on the issues of whether venue was proper and whether the defendant avoided service. The defendant responded that the appellant could have had a curator appointed for purposes of service if it believed the defendant was evading service.
The affidavit appears to be the only evidence offered at the hearing on the exception of prescription. Generally, an affidavit is inadmissible as hearsay. Arkla, Inc. v. Maddox and May Bros. Casing Service, Inc., 624 So.2d 34, 36 (La.App. 2 Cir.1993), citing Frazier v. Green Steel Building, Inc., 409 So.2d 1290 (La.App. 2d Cir.1982). In the rare instances where an affidavit is acceptable as a substitute for testimony, an affidavit must be based on personal knowledge, must set forth only facts admissible in evidence, and must show that the affiant is competent to testify to the matters contained therein. Arkla, Inc., 624 So.2d at 36 (citations omitted). Hence, we find the affidavit inadmissible, and in any event, | insufficient because it does not address the appellant’s claim that *525 the loan was to a business located in Orleans Parish, a claim meriting closer examination given that the defendant’s last payment on the loan was drawn on his Jack Dempsey Restaurant account. Therefore, prescription was not evident on the face of the pleading, and the trial court erred by effectively shifting the burden to the appellant by addressing the issue of venue without benefit of an evidentiary hearing.
CONCLUSION
For the reasons stated herein, we find that the trial court erred in granting the defendant’s exception of prescription and denying the appellant’s Motion for New Trial without holding an evidentiary hearing on the issue of venue. We reverse the trial court’s orders maintaining the exception of prescription and denying the Motion for New Trial and remand the matter to the trial court for an evidentiary hearing on the issue of venue.
REVERSED AND REMANDED.